**UNITED STATES of America**

**v.**

**Hassan CARNEY a/k/a Boo–Boo, a/k/a Willie Timmons, a/k/a Shawn Carney, a/k/a William Butts**

**Hassan Carney, Appellant.**

**No. 04–2226.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Nov. 8, 2006.

Filed: Nov. 16, 2006.

Thomas P. Hogan, Jr., Office of United States Attorney, Philadelphia, PA, for United States of America.

David L. McColgin, Defender Association of Philadelphia Federal Court Division, Philadelphia, PA, for Hassan Carney.

Before: SCIRICA, Chief Judge, McKEE and STAPLETON, Circuit Judges.

OPINION OF THE COURT

SCIRICA, Chief Judge.

Hassan Carney challenges his sentence in light of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We will vacate the sentence and remand for resentencing. *United States v. Davis*, 407 F.3d 162, 164 (3d Cir.2005) (en banc).

## I.

Hassan Carney pled guilty to a single count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1). On February 25, 2003, the District Court sentenced Carney to 120 months in prison, a three-year term of supervised release, a $1,000 fine, and a special assessment of $100. At sentencing, the District Court determined Carney had an offense level of 25[1] and a criminal history category of VI, which rendered a sentencing range of 110 to 137 months. The District Court imposed the statutory maximum sentence of 120 months.

Carney filed a timely appeal contending he was not afforded the right to allocution and challenging other sentencing factors. We vacated the sentence and remanded on the issue of proper allocution. *See United States v. Carney*, 88 Fed.Appx. 534, 536 (3d Cir.2004). On April 19, 2004, the District Court re-sentenced Carney to 115 months in prison, with the other terms

unchanged. Carney again filed a timely appeal.

## II.

The District Court twice sentenced Carney under the mandatory Sentencing Guidelines framework in effect prior to *Booker*. In *Davis*, we established a policy to vacate and remand all sentences, except in limited circumstances, for "defendants sentenced under the previously mandatory regime whose sentences are being challenged on direct appeal." *United States v. Davis*, 407 F.3d 162, 165 (3d Cir.2005) (en banc). As we reasoned in *Davis*, we cannot determine whether the District Court would have imposed a different sentence under an advisory framework and therefore, the sentencing issues raised here are best determined by the District Court in the first instance. *Id.* at 164–65, 166.

## III.

We will vacate the sentence and remand for resentencing in accordance with *Booker*. *Davis*, 407 F.3d at 165.

---

1. The District Court found a base offense level of 24, then assessed a two-level enhancement for possession of a stolen firearm, a two-level enhancement for reckless endangerment of a police office, and a three-level downward departure for acceptance of responsibility.